# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDON C. MCDUFFIE,

        Plaintiff,

v.

HAROMONY DANIELSON and MATTHEW BURNS,

        Defendants.

Case No. 23-CV-787-JPS

**ORDER**

    Plaintiff Brandon C McDuffie ("Plaintiff"), who is currently incarcerated at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On October 31, 2023, the Court screened the amended complaint and allowed Plaintiff to proceed on the following two claims: (1) First Amendment retaliation claim against Defendant Harmony Danielson ("Danielson"); and (2) Eighth Amendment deliberate indifference claim against Defendant Matthew Burns ("Burns") for his failure to protect Plaintiff from a known serious risk of danger. ECF No. 9 at 8.

    On December 14, 2023, Defendants filed a motion for partial summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Burns. ECF No. 13. Over three months has passed, and, to date, Plaintiff has filed no opposition in response to the partial motion for summary judgment. As such, the motion is ready for disposition.

Despite Plaintiff's failure to oppose summary judgment, the Court has independently reviewed the motion to determine whether it states adequate grounds for the relief requested. *See Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996) ("[T]he Seventh Circuit . . . requires that before granting a dispositive motion as unopposed, the trial judge must look at the motion to determine whether it states adequate grounds for the relief requested.")). Based on the Court's review of Defendants' submissions, and for the reasons explained below, the Court will grant Defendants' motion for partial summary judgment based on the failure to exhaust administrative remedies and will dismiss Burns from the case.

1.  **STANDARD OF REVIEW**

    1.1  **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2  **Exhaustion of Prisoner Administrative Remedies**

    The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C.

§ 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of

the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

2. **RELEVANT FACTS**

Defendants' motion for partial summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as to

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

the Eighth Amendment claim against Burns. The Court accordingly finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

On November 30, 2020, Plaintiff was housed in the Restrictive Housing Unit ("HSU") when C.O. John Doe informed Plaintiff that he was being a served a disciplinary conduct report written by Danielson. ECF No. 8 at 3. Danielson maliciously made the false claim that on November 28, 2020, Plaintiff made threats to "beat and rape" Danielson after he was released from RHU. *Id.* at 3–4. Danielson made this false claim in retaliation for Plaintiff exercising his First Amendment right to file an inmate complaint about Danielson's conduct. *Id.* at 4.

Plaintiff filed an inmate complaint with Tonia Moon. *Id.* Moon followed the unconstitutional culture at WCI to alert Danielson about the complaint before officially filing it so that Danielson could "get ahead" of the complaint. *Id.* Plaintiff denied the allegations against him to C.O. John Doe. *Id.* Shortly after, other inmates began to harass Plaintiff and called him a rapist. *Id.* These inmates threatened to have Plaintiff assaulted and killed once he was released from RHU because of Danielson's allegations. *Id.*

It is known prison culture that inmates who are convicted or accused of being homosexual, a child molester, a rapist, or a snitch will be harassed or assaulted by other inmates. *Id.* at 5. Plaintiff repeated the threats by other inmates to Burns. *Id.* Burns took no action and told Plaintiff, "You're a big guy, I'm more than sure you can handle yourself." *Id.* Burns ignored Plaintiff even though Plaintiff was told by multiple inmates that they would send another inmate to assault him once he left RHU. *Id.*

Plaintiff made multiple complaints to Moon and Yana Pusich regarding Danielson's retaliation against him, but they failed to act. Instead,

Moon accused Plaintiff of harassing Danielson with his complaints. *Id*. Plaintiff was found not guilty of the threats against Danielson at his due process hearing. *Id.* Danielson's body cam footage from November 28, 2020, was used as proof to support Plaintiff's innocence. *Id.* Regardless, Moon and Pusich still refused to pursue disciplinary action against Danielson for her harassment. *Id.*

Plaintiff was returned to the Northwest Cell Hall sometime around December 9, 2020. *Id.* at 7. Plaintiff made multiple requests to be moved because of the threats against him, but Burns refused to respond. On January 5, 2021, Plaintiff was returning to his cell when he was stopped by another inmate who he had only seen around and never dealt with before. *Id*. The inmate stated, "I heard you a rapist," punched Plaintiff in the mouth and lip, and caused him injury. *Id.* WCI has a culture of backing up all staff even if they acted wrong because it is a "them v. us" culture. *Id.*

### 2.2. Exhaustion Facts

Plaintiff has failed to oppose Defendants' motion for partial summary judgment and has provided no response to Defendants' facts. As such, the Court adopts Defendants' proposed findings of fact as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); Civil Local Rules 7(b) and (d) (warning that "[f]ailure to respond to [a] motion may result in the Court deciding the motion without further input from the parties," and that "[f]ailure to comply with [motion] briefing requirements . . . may result in sanctions up to and including the Court denying or granting the motion."

Plaintiff is an inmate in the custody of the Wisconsin Department of Corrections ("DOC"), is housed at WCI, and was housed therein at all times relevant to this lawsuit. Defendant Burns was employed by DOC at WCI at all times relevant to this lawsuit. Wisconsin has established the Inmate

Page 6 of 9
Case 2:23-cv-00787-JPS    Filed 04/05/24    Page 6 of 9    Document 19

Complaint Review System ("ICRS"), which gives inmates a mechanism to file complaints related to significant issues regarding rules, living conditions, and staff actions affecting the institution environment as the principal administrative remedy for those in state custody. The ICRS is governed by Wisconsin Administrative Code ch. DOC 310, which is available at https://docs.legis.wisconsin.gov/code/admin_code/doc/310. Plaintiff did not file any inmate complaint complaining that Burns failed to protect him during the time periods relevant to the claims in this lawsuit.

Defendants provided a copy of Plaintiff's inmate complaint history report. *See* ECF No. 16-1. The Court has reviewed this document and, based on the limited information provided, it does not appear that Plaintiff filed an inmate complaint against Burns during the relevant time period. *See id.*

3. **ANALYSIS**

Defendants request partial summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Burns. Defendants do not dispute that Plaintiff exhausted his administrative remedies as to the retaliation claim against Danielson, and therefore do not seek summary judgment on this claim. ECF No. 14 at 1.

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995.

Page 7 of 9
Case 2:23-cv-00787-JPS   Filed 04/05/24   Page 7 of 9   Document 19

Here, the undisputed facts conclusively show that Plaintiff failed to exhaust his administrative remedies for the Eighth Amendment claim against Burns. Plaintiff failed to provide prison officials the opportunity to address his concerns internally prior to filing this case. As such, the Court is obliged to grant Defendants' motion for partial summary judgment based on Plaintiff's failure to exhaust his Eighth Amendment claim against Burns. The Court will accordingly dismiss this claim without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).

### 4. CONCLUSION

For the reasons explained above, the Court will grant Defendants' motion for partial summary judgment, ECF No. 13. Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment deliberate indifference claim against Burns. As such, the only remaining claim in this case is Plaintiff's First Amendment retaliation claim against Defendant Danielson. The Court will issue a scheduling order in due course.

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment based on the exhaustion of administrative remedies, ECF No. 13, be and the same is hereby **GRANTED** as provided in this Order;

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Matthew Burns be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies; and

**IT IS FURTHER ORDERED** that Defendant Matthew Burns be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge